UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICOLE CABALLERO, on behalf of herself
and on behalf of all others
similarly situated,

    Plaintiff,

v.    Case No.: 6:17-CV-319-ORL-31-KRS

US POSTAL SOLUTIONS, INC.,

    Defendant.

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICOLE CABALLERO ("Plaintiff"), by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this action against Defendant, US POSTAL SOLUTIONS, INC. ("Defendant"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3), as well as for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §501.201 et. seq., and 26 U.S.C. § 7434 ("IRS claim")

2. This Complaint is filed as a collective action under 29 U.S.C. § 216(b) and a class action under Federal Rule of Civil Procedure 23.

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

4. Exercise of supplemental jurisdiction over Plaintiff's state law claims is appropriate under 28 U.S.C. § 1367(c).

5. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

6. Plaintiff is a resident of Osceola County, Florida.

7. Defendant operates a mail delivery management company in Orlando, in Orange County, Florida.

## GENERAL ALLEGATIONS

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At all times material hereto, Named Plaintiff NICOLE CABALLERO was employed by Defendant as a mailroom manager.

12. The similarly situated employees on whose behalf Plaintiff is bringing this collective action consists of all persons whom Defendant misclassified as independent contractors during any period of time within the last three years.

13. The putative class on whose behalf Plaintiff is bringing this class action is composed of all persons whom Defendant misclassified as independent contractors during any period of time within the last three years.

14. This collective action and class action challenges Defendant's uniform policy of willfully misclassifying its mailroom workers as independent contractors, when these workers are, in fact, actually "employees" of Defendant (either or past or present).

15. At all times material hereto, Plaintiff and the similarly situated employees were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

16. At all times material hereto, Plaintiff and the similarly situated employees were "employees" of Defendant within the meaning of the FLSA.

17. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

18. Defendant continues to be an "employer" within the meaning of the FLSA.

19. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

20. At all times relevant to this action, Defendant engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

21. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

22. At all times material hereto, the work performed by Plaintiff and the similarly situated employees was directly essential to the business performed by Defendant.

23. At all times material hereto, Defendant set the work schedules for Plaintiff and the similarly situated employees, provided them with all equipment that they needed to perform their work in Defendant's facility, and provided them with daily tasks.

24. Defendant exercised complete control over the methods that Plaintiff and the similarly situated employees used to conduct their work, the manner in which this work was completed, and the circumstances surrounding their work activities.

25. At all times material hereto, the work performed by Plaintiff and the similarly situated employees was integral and essential to the business performed by Defendant.

26. As a matter of economic reality, Plaintiff and the similarly situated employees were economically dependent on Defendant.

27. Thus, rather than being independent contractors who were in business for themselves, Plaintiff and all similarly situated persons were "employees" of Defendant within the meaning of the FLSA.

28. At all times material hereto, Plaintiff and all situated employees were "persons" within the meaning of FDUTPA, Fla. Stat. § 511.211(2).

29. At all times material hereto, Defendant was engaged in trade or commerce, and as such, was governed by FDUTPA.

30. As an employer, Defendant had a legal obligation under the Internal Revenue Code as well as Florida law to deduct all applicable employment taxes from its employees' earnings.

## FACTS

31. Named Plaintiff NICOLE CABALLERO began working for Defendant as a mailroom manager on or about January 28, 2015, and she worked in this capacity until September 2016.

32. At various times material hereto, Plaintiff and the similarly situated employees worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rates.

33. Defendant failed to pay Plaintiff and the similarly situated employees an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

34. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendant's employment practices, in violation of the FLSA, 29 U.S.C. § 201 et seq.

35. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant pursuant to 29 U.S.C. § 216(b). The similarly situated employees are mailroom workers who Defendant misclassified as independent

contractors and failed to compensate for all overtime hours worked in accordance with the FLSA.

37. Therefore, Notice is properly sent to: "All employees whom Defendant failed to compensate for all of the overtime hours that they worked from three years preceding the filing of this complaint to the present."

38. The total number and identities of the similarly situated employees may be determined from the records of Defendant, and they may easily and quickly be notified of the pendency of this action.

39. Plaintiff and the similarly situated employees have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

40. Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the similarly situated employees.

41. Defendant's failure to pay all overtime wages due at the rates required by the personal circumstances of each employee is common to Plaintiff and the similarly situated employees.

42. Overall, Plaintiff's experience as an employee misclassified by Defendant as an independent is typical of that of the similarly situated employees.

43. Specific job titles or job duties do not prevent collective treatment.

44. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## RULE 23 CLASS ACTION ALLEGATIONS

45. Plaintiff asserts her Rule 23 class claims on behalf of the Putative Classes defined as follows:

> FDUTPA CLASS: All persons employed by Defendant who were classified as independent contractors rather than employees from the four years preceding the filing of this Complaint through the date of final judgment in this action.
>
> IRS Class: All persons employed Defendant in the United States who were classified as independent contractors rather than employees for whom Defendant filed fraudulent Form 1099s within the applicable limitations period through the date of final judgment in this action.

46. Plaintiff and all similarly situated employees of Defendant are members of the Putative FDUTPA and IRS Classes described herein.

47. The number of persons belonging to the Putative Rule 23 Classes herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiff at this time and will only be obtainable through appropriate discovery, Plaintiff is informed and reasonably believes, and on this basis alleges, that the Putative Rule 23 Classes described herein includes over 100 persons.

48. Disposition of the FDUTPA and IRS claims of Plaintiff and all similarly situated employees of Defendant in a class action will benefit all parties and this Court.

49. A well-defined community of interest is presented by the Putative Rule 23 Classes herein, because each member of the Putative Rule 23 Classes have an interest in being classified as an employee rather than an independent contractor, obtaining adequate

compensation for the common damages which Plaintiff and all other persons similarly situated have suffered as a result of Defendant's actions.

50. Each member of the Putative Classes described herein has performed labor for Defendant at Defendant's request at some time the Class Period, while the members of the Putative Class were unlawfully misclassified as independent contractors.

51. In this instant case, a class action is superior to any other available method in order to promote and achieve the fair and efficient adjudication of the claims presented herein.

52. The prosecution of separate actions by individual members of the Putative Rule 23 Classes described herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Classes, resulting in the establishment of incompatible standards of conduct for Defendant, and creating the risk that separate adjudication of individual Class members' claims would, as a practical matter, either dispose of the interests of other Class members who had no opportunity to join those separate suits, or substantially impede or impair the ability of these other Class members to protect and vindicate their own interests.

53. Common questions of law and fact exist in this case with respect to the Putative Rule 23 Classes, and these common questions predominate over any separate, individual issues only affecting members of the Class in their individual capacities.

54. At some time during the Class Period, all of the individuals who belong to the Putative Rule 23 Classes herein have been employed by Defendant as mailroom

workers, and as such, have been unlawfully subjected to a uniform, consistent set of unfair employment practices by Defendant, as described more fully herein.

55. The common questions of fact involved in this case include, without limitation: Whether each member of the Putative Classes have been subjected to the same company-wide policies and practices related to the manner in which they conduct their work, the methods that they use in conducting their work, the manner in which they are compensated for their work, the manner in which Defendant keeps track of their working hours, and the manner in which Defendant keeps records reflecting their hours of work; and (2) whether Defendant evaded its legal obligation to deduct all applicable employment taxes from the earnings of each member of the Putative Classes in order to gain an unfair competitive advantage over other employers in Orange County, who deduct all applicable employment taxes from their employees' earnings as required by law.

56. The common questions of law involved in this case include, without limitation: (1) whether Class Members performed labor for Defendant as employees or as independent contractors; (2) whether Defendant's uniform policies and practices related to the relationship between Defendant and its mailroom workers are unlawful, unfair, and/or deceptive business practices that violate FDUTPA and the applicable civil IRS statute; and (3) whether Plaintiff and all other persons similarly situated are entitled to general and/or special damages as a result of any of FDUTPA and IRS violations complained of herein, and if so, the nature of such damages.

57. The claims of the Named Plaintiff in this case are typical of those of the Class Members which she seeks to represent, in that Plaintiff and each member of the Classes have sustained damages, and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by Defendant, as complained of herein.

58. The claims of Plaintiff coincide with, and are not antagonistic to, the claims of other Class Members whom the Plaintiff seeks to represent.

59. Plaintiff will fairly and adequately represent and protect the interests of the members of the Putative Classes whom she seeks to represent. Plaintiff does not have any interests that are adverse to the interests of the members of the Putative Class described herein.

60. Counsel for Plaintiff is experienced, qualified, and generally able to conduct complex class action legislation.

61. The relief sought in this action is necessary to restore to members of the Putative Class the money and property which Defendant has illegally acquired through the unlawful treatment of each Class Member as described herein.

62. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Federal Rule of Civil Procedure 23. The names and addresses of the Putative Class members are readily available from Defendant's records.

### COUNT I – FLSA OVERTIME VIOLATIONS

63. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 62 of this Complaint, as fully set forth herein. Plaintiff brings this action on behalf of herself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b).

Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

64. During the statutory period, Plaintiff and the similarly situated employees worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

65. Defendant failed to compensate Plaintiff and the similarly situated employees for all of the overtime hours that they worked.

66. The similarly situated employees were all misclassified by Defendant as independent contractors, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its employees for all of the overtime hours that they worked in accordance with the FLSA.

67. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the similarly situated employees who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

68. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

69. As a result of the foregoing, Plaintiff and the similarly situated employees have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of the Plaintiff and the similarly situated that she seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA collective action, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and of opt-in similarly situated employees at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and of opt-in similarly situated employees at the applicable overtime rate as liquidated damages;

(h) Judgment against Defendant, stating that its violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## **COUNT II – VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")**

70. This claim is brought by Plaintiff as a class action on behalf of herself and on behalf of all similarly-situated employees.

71. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 62 of this Complaint.

72. This is an action for damages plus attorney's fees and court costs under FDUTPA.

73. Plaintiff and all other similarly situated FDUTPA Class Members are "persons" within the meaning of FDUTPA, Fla. Stat. § 511.211(2).

74. Defendant is engaged in "trade or commerce" within the meaning of FDUTPA.

75. In violation of FDUTPA, Defendant engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade and commerce, and has thereby deprived Plaintiff, and all other

persons similarly situated, of fundamental rights and privileges guaranteed to all employees under Florida law.

77. In an effort to avoid providing its employees with the minimum benefits and protections afforded employees under Florida law, Defendant willfully, uniformly, and unilaterally classified its mailroom workers as independent contractors rather than employees, despite the fact that the factual circumstances demonstrate that Defendant's mailroom workers are in fact employees of the company.

77. The actions of Defendant, in misclassifying Plaintiff and all members of the FDUTPA Putative Class as independent contractors, are unfair and deceptive trade practices prohibited under Florida law.

78. By and through Defendant's unfair, unlawful, and/or deceptive business practices as described herein, Plaintiff and all other Class Members have suffered injuries in fact in that Defendant has obtained valuable property, money and/or services from Plaintiff and all other FDUTPA Class Members, and have deprived Plaintiff and all other FDUTPA Class Members of valuable rights and benefits guaranteed to them by law.

79. All of the acts described herein are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent, and/or unscrupulous, and thereby constitute unfair, unlawful and/or deceptive business practices in violation of FDUTPA.

80. Plaintiff and all persons similarly situated are entitled to and do seek such relief as may be necessary to restore to them the money and property which Defendant

has acquired, or of which Plaintiff, and all others similarly situated, have been deprived, by means of the above-described unfair, unlawful and/or deceptive business practices.

81. Plaintiff and all persons similarly situated are further entitled to, and hereby seek a declaration, that the business practices described above are unfair, unlawful and/or deceptive, and seek further injunctive relief to restrain Defendant from engaging in any of the above-described unfair, unlawful and/or deceptive business practices in the future.

82. As a result of the unfair, unlawful and/or deceptive business practices described herein, Plaintiff, and all persons similarly situated, have suffered and will continue to suffer irreparable harm unless Defendant is restrained from continuing to engage in these unfair, unlawful and/or deceptive business practices.

83. The above actions by Defendant constitute unfair methods of competition and unfair acts or practices in the conduct of any trade or commerce. Specifically, Defendant's misclassification of Plaintiff and FDUTPA Class Members as independent contractors resulted in substantial cost savings to Defendant (due to its not having to pay employment taxes) and gave Defendant an unfair competitive advantage over its competitors.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this class action demand:

    (a)    Judgment against Defendant and a determination by this Court that Defendant violated the FDUTPA;

(b) Actual damages suffered by Plaintiff and members of the Class as a result of Defendant's FDUTPA practices;

(c) The difference in the market value of service provided in terms of lost benefits, wages, and other remuneration due employees but not due independent contractors;

(d) All costs and attorney's fees incurred in prosecuting these claims; and

(e) For such further relief as this Court deems just and equitable.

## COUNT III – CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS 26 U.S.C. § 7434 (a)

84. This claim is brought by Plaintiff as a class action on behalf of herself and on behalf of all similarly-situated employees.

85. Plaintiff realleges and readopts the allegations of paragraphs 1 through 62 of this Complaint as though fully set forth herein.

86. Pursuant to 26 U.S.C. § 7434, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return." 26 U.S.C. § 7434

87. At all times material hereto, Defendant misclassified Plaintiff as an independent contractor.

88. The Defendant issued an informational return Form 1099 MISC directly to the IRS on behalf of Plaintiff.

89. By failing to provide Plaintiff with W-2 Forms for all of the tax years during which he was employed by Defendant, and failing to properly record, account for, and report to the IRS all of the monies paid to Plaintiff as compensation for all of the hours that Plaintiff worked during the course of his employment, Defendant filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

**WHEREFORE**, Plaintiff demands:

(a) Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff and damages resulting from the additional tax debt and additional time/expenses associated with any necessary correction.

(b) That Defendant be ordered to take all the necessary steps to correct the above identified information returns;

(c) All costs and attorney's fees incurred in prosecuting these claims; and

(d) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 14th day of February, 2017.

Respectfully submitted,

/s/ Brandon J. Hill

**BRANDON J. HILL**
Florida Bar Number: 0037061
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: mk@wfclaw.com
**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th of February, 2017, a true and correct copy of this Complaint was served on Internal Revenue Service pursuant to 26 U.S.C. § 7434 (d) at 3848 W. Columbus Dr., Tampa, FL 33607.

_____
BRANDON J. HILL